**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**NORMAN RATCLIFF,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00052**

**WEXFORD HEALTH DOCTORS**
**AND NURSES, *et al.*,**

**Defendants.**

# MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Norman Ratcliff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his pro se Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). Having considered the Application, and as discussed more fully herein, the Court **GRANTS** the same. (ECF No. 1). For the reasons that follow, Plaintiff is further **ORDERED** to file, on or before **September 25, 2026**, an Amended Complaint as further described herein.

## I. Relevant History

Plaintiff, Norman Ratcliff, is currently an inmate at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia. On January 23, 2026, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia. (ECF No. 2). Plaintiff names as Defendants "Wexford Health Doctors & Nurses," St. Mary's Hospital, Dr. Dustin Peterson, an unidentified Huntington Police Department arresting officer, two Jane Does, and two John Does. (*Id.* at 1).

In his Statement of Claim, Plaintiff alleges that Dr. Peterson previously performed surgery on both of Plaintiff's feet and removed the wrong toe from one of his feet. (*Id.* at 4). Plaintiff further alleges that he subsequently developed severely infected wounds and was

arrested by an unidentified Huntington police officer. (*Id.*). According to Plaintiff, Wexford nurses knew that he had open wounds but nevertheless booked him into the jail without sending him to a hospital for treatment. (*Id.*). Plaintiff alleges that his wounds have continued to produce pus, that his right foot has been amputated since his incarceration, and that he is at risk of losing his ability to walk. (*Id.* at 4-5).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to United States Magistrate Judge Reeder for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having now performed an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned finds certain deficiencies in pleading that must be corrected by Plaintiff before this action can proceed.

## II. Application to Proceed without Prepayment of Fees and Costs

Having considered the Application, the Court **GRANTS** the same. (ECF No. 1). The Court finds that Plaintiff has minimal funds in his inmate account to make an initial partial filing fee payment. Therefore, Plaintiff is not ordered to make an initial payment. However, beginning on **October 5, 2026**, and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to 20 percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. The Western Regional Jail and Correctional Facility, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any,

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to Plaintiff.

## III. Deficiencies in the Complaint

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has preliminarily reviewed Plaintiff's Complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although pro se complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop Plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the Court may allow a pro se plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### *Pleading Requirements*

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The operative words are "short" and "plain."

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties, Fed. R. Civ. P. 10(a), and requires a party to state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### *Failure to State a Claim*

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of state law. To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity; and (2) the official did so under color of state law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983.

For an individual defendant to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Accordingly, Plaintiff must set forth factual allegations explaining how each Defendant personally violated Plaintiff's federal constitutional or statutory rights.

Although Plaintiff's allegations concern potentially serious medical conditions, the Complaint does not sufficiently identify the individuals allegedly responsible for the asserted violations or explain the particular acts or omissions attributable to each Defendant. Plaintiff generally names "Wexford Health Doctors & Nurses" and additionally identifies two Jane Does and two John Does without explaining the involvement of each individual Defendant. To the extent Plaintiff does not know the name of a particular individual, he must identify that person as specifically as possible, including, to the extent known, the individual's position or job title, employer, work location, shift, and other information that may assist in identifying the individual.

Likewise, although Plaintiff names St. Mary's Hospital and Dr. Dustin Peterson as Defendants and alleges that Dr. Peterson previously performed surgery on Plaintiff's feet and

removed the wrong toe, the Complaint does not clearly explain the basis upon which Plaintiff contends that their alleged conduct deprived him of a right protected by the United States Constitution or federal law or whether the alleged conduct occurred under color of state law.

Further, to the extent Plaintiff intends to assert a claim against Wexford Health itself, rather than individual medical providers employed by Wexford Health, Plaintiff must clearly identify the entity he intends to sue and set forth factual allegations explaining how the entity itself caused or contributed to the alleged violation of his federal rights. Plaintiff is advised that an entity or supervisory official cannot be held liable under § 1983 merely because it employs or supervises an individual who allegedly violated Plaintiff's constitutional rights. Accordingly, Plaintiff should identify any policy, custom, practice, or other conduct attributable to the entity itself that he contends caused the alleged constitutional violation. Similarly, Plaintiff may not hold an individual defendant liable merely because that individual held a supervisory position; rather, Plaintiff must allege facts demonstrating the supervisor's own conduct or responsibility for the alleged constitutional violation.

Plaintiff also identifies an "HPD Arresting Officer" as a Defendant and states that he was arrested while suffering from open and infected wounds, but the Complaint does not sufficiently explain what the arresting officer personally did or failed to do that Plaintiff contends violated a federal constitutional or statutory right. Plaintiff must provide sufficient factual allegations concerning each named Defendant to permit the Court to determine the nature of his claim and the basis for that Defendant's alleged liability.

***One Single Document***

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and should therefore contain all claims, factual allegations, and Defendants that Plaintiff wishes the Court to consider. Plaintiff should not rely upon the original Complaint or any other prior filing to supply allegations or claims omitted from the Amended Complaint.

Rather, Plaintiff should include all allegations and facts relevant to his claims in one singular Amended Complaint.

## IV. Conclusion

For the reasons stated above, Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **GRANTED**. Plaintiff is **ORDERED** to file, on or before **September 25, 2026**, an Amended Complaint pursuant to 42 U.S.C. § 1983 using the Court-approved form provided by the Clerk of Court. Plaintiff's Amended Complaint must comply with the requirements set forth herein and must be filed as one complete, stand-alone document. In his Amended Complaint, Plaintiff shall:

1. Identify by name each individual or entity that Plaintiff contends violated his federal constitutional or statutory rights. To the extent Plaintiff does not know the name of a particular individual, Plaintiff shall identify that person as specifically as possible, including, if known, the individual's position or job title, employer, work location, shift, and/or other information that may assist in identifying the individual;
2. Separately state the factual basis for each claim, including the approximate date and location of the relevant events;
3. Explain what each Defendant personally did or failed to do that Plaintiff contends violated his federal constitutional or statutory rights;
4. Identify the federal constitutional or statutory right that Plaintiff contends was violated by each Defendant;
5. Explain, as to each Defendant, the basis upon which Plaintiff contends that the Defendant acted under color of state law;
6. To the extent Plaintiff intends to pursue a claim against Wexford Health or another entity, explain how the entity itself caused or contributed to the alleged violation,

including any policy, custom, practice, or other conduct attributable to the entity that Plaintiff contends caused the violation; and

7. Clearly and simply state the relief Plaintiff seeks from this Court.

Plaintiff is hereby **NOTIFIED** that failure to file a completed Amended Complaint on or before **September 25, 2026**, may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with an order of the Court.

**Plaintiff is further NOTIFIED that he is responsible for notifying the Clerk of Court of any change in his address or other contact information.** Failure to do so may result in a recommendation of dismissal of this action.

The Clerk is directed to provide Plaintiff with a blank form Complaint pursuant to 42 U.S.C. § 1983 and a copy of this Memorandum Opinion and Order.

**ENTERED**: August 26, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE